**JULIUS M. AMES CO. and Independent Pennsylvania Nail Co., Plaintiffs,**

v.

**BOSTITCH, INC., Defendant.**

United States District Court
S. D. New York.
Sept. 16, 1964.

Dickstein, Shapiro & Galligan, New York City, for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant.

Bader & Bader, New York City, for prospective witness Speedfast Corp.

CANNELLA, District Judge.

Motion pursuant to Rules 30(b) and 45 of the Federal Rules of Civil Procedure by Speedfast, Inc., for an order vacating interrogatories and cross-interrogatories. The motion is denied on condition that the protective order contained herein is followed.

This is an action brought under Clayton Act, Section 7 (15 U.S.C. § 18) which seeks treble damages in the amount of $3,600,000 and injunctive relief based on an alleged violation of the United States antitrust laws by the defendant arising out of the defendant's acquisition in 1961 of the assets of Calwire, Inc., and Calnail, Inc., two affiliated California corporations engaged, respectively, in the manufacture and sale of heavy duty pneumatic nailing and stapling equipment.

On January 31, 1964, plaintiff served on defendant, a notice of written interrogatories to be propounded to Marvin Libby, president of Speedfast Corp. Subsequently, on April 20, 1964, defendant served a notice of cross-interrogatories which it desired to have propounded.

Speedfast Corp. is engaged in the manufacture of heavy duty pneumatic

nailing and stapling equipment in competition with the defendant. The witness, Libby, objects to certain of the interrogatories and cross-interrogatories as involving confidential business information and trade secrets. He claims any divulging of these facts to its competitor, Bostitch, would cause Speedfast to suffer competitive disadvantage in its business.

This antitrust case involves difficult questions of the relevant market involved and thus the information sought by the interrogatories and cross-interrogatories is proper. "The material is not only relevant, but essential to the trial of this action." United States v. Lever Bros. Co., 193 F.Supp. 254 (S.D.N.Y. 1961). Rule 30(b) permits the court to frame any order which it deems necessary to protect any party or witness.

While the court, therefore, holds that the parties are entitled to full discovery, this privilege should in fairness to all concerned be exercised in a manner which will not hamper their ability to prepare their cases, and at the same time will operate to discourage any improper and unfair use of the material to be produced. The court is of the opinion that in the context of this case, a proper protective order can be framed to accomplish these objectives. Thus, while Speedfast is not entitled to the rigid type protection it seeks, to insure that Bostitch will not use the data for an improper competitive purpose, the court hereby orders that the information is not to be disclosed to Bostitch's personnel, except insofar as it may be necessary for consultation with counsel for Bostitch in order to prepare for and assist in the defense of the action. Any such personnel obtaining access to the information for this purpose shall be informed of the court's order and shall sign an affidavit to that effect and indicate assurance of compliance to the order, which affidavit shall be filed with the clerk of the court and it shall be further directed that such personnel shall not make copies, or reveal the contents of the documents, or use the in-formation for any purpose other than for the preparation and defense of this action. None of the data is to be disclosed to the public.

The motion of Speedfast, Inc. is denied except that a limited protective order, as indicated above, may be entered.

So ordered.