UINTA OIL REFINING COMPANY, a Utah Corporation, and Utah Cooperative Association, a Utah Corporation, Plaintiffs,

v.

CONTINENTAL OIL COMPANY, and Texaco, Inc., et al., Defendants.

No. C 5-62.

United States District Court

D. Utah,

Central Division.

Nov. 17, 1964.

Daniel L. Berman, Salt Lake City, Utah, Joseph L. Alioto, San Francisco, Cal., C. E. Henderson, Donald B. Holbrook, and Wallace R. Bennett, Salt Lake City, Utah, for plaintiffs.

Dean F. Brayton, John W. Lowe, Salt Lake City, Utah, A. T. Smith, Alan I. Rothenberg, and Everett B. Clary, Los Angeles, Cal., for defendant Continental Oil Co.

Brigham E. Roberts, Salt Lake City, Utah, and George W. Jansen, Los Angeles, Cal., for defendant Texaco, Inc.

Fred L. Finlinson, Salt Lake City, Utah, for Arthur William Chipman and Chipman Oil Co.

Arthur H. Nielsen, Salt Lake City, Utah, for Richard E. Harris, James E.

Ashton, M. H. Robineau, and Frontier Refining Co.

Lynn S. Richards and Richard L. Bird, Jr., Salt Lake City, Utah, for Covey Oil Co., Valley Oil Co. and Herman Bruggemann.

Louis H. Callister, Sr., and Louis H. Callister, Jr., Salt Lake City, Utah, for Premium Oil Co., Quality Oil Co., and Pyramid Oil Co.

George K. Fadel, Bountiful, Utah, for Slim Olson, Inc.

Jack Wiles, pro se.

CHRISTENSEN, District Judge.

This is a suit for damages for alleged conspiracy and monopoly under Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and alleged price discrimination under Section 2(a) (d) and (e) of the Clayton Act as amended by the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a) (d) and (e). The plaintiffs are Uinta Oil Refining Company, which owns and operates a crude oil refinery located at Rangely, Colorado, and markets petroleum and its products in the States of Utah and Colorado, and Utah Cooperative Association, which owns all of the outstanding stock of Uinta, and is engaged in the marketing of refined petroleum and related products in Utah. The defendants are major oil companies doing business throughout the country.

The case is set for trial for early 1965. Extensive discovery[1] has been largely completed. The principal pretrial problem remaining relates to Continental's attempted examination of the officers of various independent oil companies, not parties to this action, which are objecting to disclosure of business information on the claim that it is privileged or confidential, or that no necessity for its disclosure has been established.

The problem first came to the attention of the court upon Continental's motion for an order pursuant to Rule 37(a), Fed.R.Civ.P., to require an officer of Chipman Oil Company to answer certain questions at his deposition, and to produce the documents specified in a subpoena duces tecum pursuant to Rule 45(b) Fed.R.Civ.P. At an informal hearing in chambers where the deponent, as well as the parties to the action, was represented, it was determined by the court that the necessities of the action acquired responses subject to protective provisions. Upon suggestions as to form from Continental and counsel for the deponent, the following order was entered.

"* * * Ordered, that deponent shall answer, as to matters within his knowledge, questions relating to the matters as set forth in Exhibit 'A'[2] attached to the subpoena duces tecum, a copy of which is attached hereto and by reference made a part hereof, and shall produce documents of Chipman Oil Company relating to the matters as set forth in said Exhibit 'A' for the period 1958 through 1963.

"The deposition shall recommence on November 12, 1964 at 10:00 A.M. at the office of Chipman Oil Company, 2188 Highland Drive, Salt Lake City, Utah, or at such other time or place as may be agreed upon between counsel. It is further

"ORDERED, that the testimony of and documents shall not be used by Continental Oil Company or by any other party for business or competitive purposes, including business or competitive purposes against deponent, or Chipman Oil Company or its customers, or its suppliers."

Thereafter Quality Oil Company and Premium Oil Company moved for an ex-

---

1. See Uinta Oil Refining Company v. Continental Oil Company, D.C.Utah, 226 F. Supp. 495 (1964).

2. In subsequent proceedings Exhibit A has been limited in scope and detail, the modified demand to be set out hereafter.

tension of time to produce books and records demanded in similar subpoenas in connection with the deposing of their officers; and Covey Oil Company and Valley Oil Company moved to quash subpoenas served upon their officers, as did Pyramid Oil Company.

Richard E. Harris, Esquire, a member of the Utah State Bar, represented by Arthur H. Nielsen, Esquire, (who is counsel for Frontier Oil Refining Company in its action against Continental and others pending in the other division of this court—C 160–64, Frontier Refining Company v. Continental Oil Company) moved for an order "directing and requiring the taking of depositions * * * to be done in public so as to permit the attendance of the said Richard E. Harris, or any other member of the Bar or officer of this court, unless and until this court, on motion of either party or on motion of a witness to be interrogated, shall by order otherwise limit the persons who may attend at such depositions."

Arguments were heard on these motions on October 12 and 13, 1964.

It was ruled on the Harris motion that attorneys for non-parties should not be excluded from the taking of depositions unless a protective order is made "that the examination shall be held with no one present except the parties to the action and their officers or counsel", or such other restriction is imposed as may be deemed in the interest of justice or necessary to meet the practicalities of space or good order. Rule 30(b) Fed.R. Civ.P.

The motions to quash the subpoenas duces tecum were taken under advisement by the court with the requirement that Continental make further showing by affidavit of the necessity of the demanded disclosures. Since the ruling on pending motions in principle might affect their situations, the court upon its own motion ordered that notice be sent to all unrepresented witnesses who had been served with subpoenas of the same nature, and with whom there had been no agreement, to afford them opportunity within a ten day period to present their positions by letter or memorandum. The court's previous order concerning Chipman Oil Company was vacated, so that the conclusion of that matter could abide the disposition of the other motions to quash.

Amended motions to quash the subpoenas duces tecum have been filed by Pyramid Oil Co., Quality Oil Company, Covey Oil Company, Premium Oil Company, and Valley Oil Company. James E. Ashton of Frontier, Vernon Eldredge, Jack Wiles, and officers of Slim Olson, Inc., by memoranda filed herein with the leave of court mentioned above, have asked to be allowed the benefit of any order made upon the motions of the others. Frontier also has asked that it be afforded access to all the data procured by depositions or discovery for use in another suit against the defendants irrespective of any protective orders which may be entered. Slim Olson, Inc., has created another dimension to our problems by suggesting that it would have no objection to furnishing most of the information requested by Continental if other independent companies likewise are required to furnish similar information, all of it to be made available to all of the non-party independents as well as to the parties herein.

Continental has filed a proposed modification of Exhibit "A" attached to its subpoenas duces tecum [3] reading:

---

3. The document filed October 14, 1964, states that it is a "proposed Modification of Exhibit 'A' to Subpoena Duces Tecum served upon officers of Valley, Covey, Quality, Premium and Pyramid Oil Companies". If the subpoena is so limited as to these, the Court can see no reason why it should not be so limited as to all those in similar circumstance seeking the benefits of the proceedings here. It therefore will be assumed that Continental's demands beyond data called for by the modification have been withdrawn.

"Defendant Continental Oil Company proposes that the Exhibit 'A' to the Subpoena duces tecum served upon Valley, Covey, Quality, Premium and Pyramid Oil Company be limited to documents showing the following, for the period 1958 through 1963 for the State of Utah:

"1. Actual purchase price of all gasoline purchased.

"2. Actual sales price of all gasoline sold other than at retail.

"3. Volume in gallons of gasoline sold each month segregated according to City, with separate figures for regular and premium.

"4. Number and location of service stations owned, operated or leased.

"5. The profit and loss statements of each company and the underlying data used to prepare these statements to determine the profitability of each company's gasoline business."

The questions before me have last been presented in relation to motions to quash the subpoenas duces tecum. However, the same problems arose at the taking of the initial Chipman deposition in view of his refusals to answer. This decision now will guide both the conduct of the oral depositions in question and the supplying of the subpoenaed information. It should also be understood that what is said is not intended to preclude the practical arrangements proposed by Continental, upon agreement, to obtain discoverable data through an independent certified public accountant, so that the material made available to Continental would be by way of summaries of the records. These practicalities may be worked out among the persons and companies concerned within the established guidelines.

It is manifest that most of the subpoenaed data are relevant to the subject matter of this action, and particularly to the defenses of defendant Continental.

■■ Section 4 of the Clayton Act, 15 U.S.C.A. § 15, enables any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws to sue for damages sustained by him. Reasonable inquiry concerning circumstances which might tend to prove that the damages, if any, sustained by plaintiff were not the result of activity of the defendant Continental Oil Company violative of the antitrust laws, or that only a part of such claimed damages were, seems permissible, and information concerning the competitive position of independent oil companies with reference to injuries to competition, impact and monopolization appears not irrelevant. Moreover, concerning defendants' affirmative defense to plaintiffs' claim based upon alleged violation of the Robinson-Patman Act, information from independent oil companies reasonably throwing light upon the contention that any discriminations by defendants were the result of a good faith meeting of competition is a proper and relevant subject of discovery.

I am fully mindful of the appropriate wishes of independent oil companies to keep competitive information to themselves insofar as is practical and permissible, and of their apprehensions that information disclosed by the processes of litigation might be used against them. Yet I must also be mindful of the necessity that judicial inquiry be not unduly hampered, especially if restrictions would make impossible the meaningful and lawful disposition of cases that must be tried with fairness to all parties. It would be anomalous, indeed, if the court, as it has during pre-trial conferences, should recognize the issues raised by the allegations of the amended complaint, the denials thereof, and the affirmative defenses interposed, and yet should preclude reasonable discovery from non-party witnesses as well as the parties. The Federal Rules of Civil Procedure permit the examination of "any person" rather than merely of parties, Rule

30(a), and subpoenas may direct witnesses to appear with their documents, whether parties or non-parties to the litigation, Rule 45.

Apart from the point that defendant has the right to make reasonable discovery concerning the issues of the case, irrespective of whether the discovered facts would or would not be admissible (Rule 26(b) Fed.R.Civ.P.), it is unavoidable that some of the data in each category called for may be subject to offer as a matter of right at the trial. The timing of the inquiry with reference to the trial involves also proper judicial administration. If no previous discovery within reasonable limits is permitted, continuances would be necessitated for such discovery and production during the course of the trial, with all of the attendant delay and expense, and with the probability that the revelations would have even greater impact upon the independent companies.

■ There seems at this stage little merit to the deponents' argument that no further inquiry of independent oil companies should be permitted because Continental did not have all of the specific pricing information from independents which it seeks here while it claims to have been meeting competition in its own price adjustments, and that therefore it should be precluded from finding out in retrospect what the actual pricing facts were. It may well be that the meeting of competitive defense does not require a competitor to have actual knowledge of the identity and price of the competitor whose price is being met. Probably all that is required is that a seller show the existence of facts which would lead a reasonable and prudent person to believe that the granting of a lower price would in fact meet the equally low price of a competitor. Forster Mfg. Co. Inc. v. F. T. C., 1st Cir., 335 F.2d 47 (1964). However, it is unnecessary for me to now decide the exact dimensions and applications of this defense for, in any view, as far as discovery is concerned the pricing data sought are clearly relevant.

■ The other arguments of the protestants, running the gamut between the suggestion that some of the requested information is already available through the defendants' market surveys or otherwise, to the rigid contention that the market, pricing and income data of non-party independents are trade secrets that under no condition should be pierced, have been carefully considered. In my opinion they do not justify the motions to quash as to categories 1 to 4 of the modified Exhibit A of the subpoenas, and justification has been shown for the discovery of documents and records concerning these categories under the conditions hereinafter indicated. See United States v. Lever Brothers Company, S.D.N.Y., 193 F.Supp. 254 (1961); Julius M. Ames Co. v. Bostitch, Inc., S.D.N.Y., 235 F.Supp. 856. The recent case of Olympic Refining Company v. Carter, 9th Cir., 332 F.2d 260 (1964), cert. den. 85 S.Ct. 186 (1964), answers these and some of the other questions raised concerning the propriety of discovery of relevant trade secrets or confidential information when necessary for the purposes of pending or other cases, so long as suitable protective orders are considered in each case.

■ Category 5 of Exhibit A would call for records showing "The profit and loss statements of each company and the underlying data used to prepare these statements to determine the profitability of each company's gasoline business".

With respect to detailed income data of non-parties the necessity has not been as adequately shown, and the consequences of withholding foundational records, at least until further exploration by deposition or trial, do not appear so serious. The negation of damages from any conspiracy or discrimination, or the question of monopoly might be lighted up significantly only by comprehensive figures well beyond those relating to the deponents' businesses. It has been rep-

resented that figures by some of the protestants with respect to profits do not break down the relevant activities from other business, and at least one of the deponents has offered to testify generally as to the profitable nature of his relevant operations. The materiality of precise figures is questionable;[4] and the information to the extent necessary may be generally provided by deposition or readily provable from income tax or profit and loss statements at the trial. The matters of profit and income in the depth sought ordinarily are treated as confidential, and the ramifications of such disclosures are difficult to evaluate at this time. The foundational data sought would almost completely reveal the operational experiences of the companies and, as now appears, perhaps for other than compelling reasons.

Hence, to avoid complete audits or explorations of profit figures at least at this stage, category five in Exhibit A will be quashed, without prejudice to reasonable inquiry of witnesses on deposition as to the nature of profit records and whether relevant operations produce substantial profits or losses, and without prejudice to a motion for re-examination should the context of developing proceedings indicate that specific figures are important or that an earlier exploration in greater depth has justification. Cf. United States v. Serta Associates, Inc., D.C.Ill., 29 F.R.D. 136 (1961).

■ With reference to the suggestion of Slim Olson Inc., that information pro-

duced from all deponents on deposition should be made available to all other deponents, I need only observe that there are enough problems in necessary discovery in the pending case before the court, even in view of protective orders, without making the information indiscriminately available to numerous other persons and companies who are not parties to any pending suit and as to whom no necessity for the disclosure appears.

■ Counsel for Frontier insists that, despite any protective orders entered in this case, it should have the right to attend the taking of all depositions and should be afforded access to all information produced through discovery herein. While it argues that the witnesses for the independent oil companies, including the officers of Frontier who have been subpoenaed, should not be required to produce the information sought by Continental, it says that if all, or any portion of the information sought, is relevant in this case, such information would likewise be equally relevant and should be made available in No. C 160–64, Frontier Refining Company v. Continental Oil Company, now pending before Judge Ritter. Frontier's counsel also asks that the parties defendant to this action be restrained from concealing, withdrawing, or destroying information which in the past has been produced or made available or may be in the future, so that Frontier will be assured access thereto. Texaco objects to any such order beyond the purposes of this par-

---

4. "The Court: Well, now, you're going to make a qualitative or quantitative analysis of profits? In other words, if you find an aggregate profit among independents, you are going to say that because that profit is two percent or five percent * * * that that's different than if it were a little more or a little less?

"Mr. Lowe: Showing—in the first place, your Honor, the number of people in the business—the fact, if it's so, which we haven't found out yet one way or the other, that they are making money and selling gasoline in a volume that may ex-

ceed our own volume is relevant in the case, in the first place, to show there has been no impact. * * * The significance that I see to it, your Honor is that they haven't lost money. The amount of the profit is perhaps not so significant. * * *

"The Court: Well, it seems to me that that problem involved so many difficulties in balancing its value in the overall, that there would be considerable question. That's your only justification in wanting the profit and loss statement?

"Mr. Lowe: That's true, your Honor." (October 12, 1964 hearing.)

ticular action, pointing out that it is not a party to the case in the other division of the court.

I have already expressed my view that evidence in one case should be available by appropriate proceedings, and after proper notice, for the purposes of other cases[5]. See also Olympic Refining Company v. Carter, supra. The trouble now is that Frontier, without an order or stipulation for consolidation or any opportunity for the court having responsibility for its case to consider what protective provisions it would wish to apply as to it, would accomplish unified fragmentary discovery without notice to the other independents concerned.

Manifestly, Frontier will be represented at the examination of its own officers in this case. It has no further direct interest in the case before me, and if an order is made protecting the confidentiality of information furnished by other witnesses, it should be precluded over the objection of these other witnesses from violating such confidentiality without in some appropriate manner bringing them into the other case as witnesses. It would be presumptuous, if not improper, for me to say that everything produced here should be made available to Frontier for use there under protective provisions applied for the purposes of that case by me. Moreover, it would be inappropriate for me to assume to preclude the other division from making such orders in the case before it as may be deemed appropriate, including protective provisions upon notice to those who have been assured that, absent notice and opportunity to be heard, the matters I am requiring them to produce will not be used over their objection for purposes other than the case before me.

On similar principle, it would be improper to tell Texaco in this case that it may not, upon the conclusion of this case, under any condition, withdraw or withhold confidential information furnished in this case merely because the company, not a party here, may wish to discover the same information in a case in which Texaco is not a party, particularly in view of protective orders entered heretofore in connection with compelled discovery against Texaco. However, the other division of the court has full authority over the case before it, both as to Texaco officers as witnesses and over Continental as a party. Suffice it for me to direct that any information produced as a result of discovery in the case before me shall not be destroyed or otherwise placed beyond the control of any party now possessed of it, to the end that as long as this case is pending it will be subject to all appropriate orders and directions of any competent court. To accomplish something further in the particular case before me would require a formal order of consolidation, which I am not inclined to consider at this time, or a stipulation on the part of the parties to the respective actions that discovery in one case could be used in both— a stipulation that I have been told is under consideration, but which I cannot compel.

5. "The Court: [W]e should avoid duplicative effort; merely because a case is in one division and one in the other it would be most unfortunate in my judgment if any mechanism should obstruct at all discovery in either case, and joint discovery so far as it can be worked out either by order or by stipulation. * * * They (Continental) will have to respond, of course, to any direction that Judge Ritter makes as far as Continental's interest is concerned. * * * Any protective order, it may be understood as far as Continental is concerned, certainly isn't intended to bind the other division of the court. I am concerned with knowing, when I make a protective order for the protection of third parties, that there isn't a disclosure of that information to the prejudice of third parties, without proper consideration being given to them and an opportunity for the court to rule upon the matter." (October 13, 1964 hearing.)

In view of the foregoing considerations and for the foregoing reasons it is hereby ordered:

1. That the motions to strike the subpoenas duces tecum as to paragraph 5 of modified Exhibit A be granted without prejudice as above indicated.

2. That the motions as to all other categories of modified Exhibit A be, and they are, hereby denied.

3. That inquiries and depositions may reasonably proceed, and that answers shall be responsive within the general areas which have been indicated by the court, in harmony with this memorandum. That in the interest of expedition, and to encourage responsible demands and responses, the court will not entertain any further general motions or arguments on the matters covered by this opinion in the absence of compelling reasons, but will remand the parties and witnesses in the event objections are made to questions on deposition, or production under subpoena, to the remedies provided in Rules 37(a) and 45(f) Fed.R.Civ.P. Costs and attorneys fees on the present motions and applications will not be allowed.

4. Any documents, books, records and accounts furnished or produced by the witnesses on said pending subpoenas or depositions in this case shall be delivered or made available only to counsel for the parties hereto, or an independent certified public accountant designated by them, and shall be used solely for the purposes of the above entitled case, unless, after notice to. or with the consent of the witness and the company he represents, the court otherwise orders. Any summaries or notes prepared by counsel or the independent certified public accountants shall be furnished only to counsel or to personnel of the parties, shall be so furnished only to the extent essential to the preparation of the case, and notice shall be filed of the names of those furnished such summaries or notes. None of the said material, summaries, depositions or transcripts of depositions shall be used for business or competitive purposes, including business or competitive purposes against the witness or the company he represents or its suppliers. Nothing contained herein shall limit access to material or information actually received in evidence at the trial, subject to such protective orders as the court may make at that time, nor shall it prevent the voluntary furnishing of information to others by the witnesses.

5. The examination of said witnesses on deposition, unless the court otherwise orders, shall be held with no one present except the reporter, the witness and such counsel or representatives of the witness as he may desire to be present, counsel for the parties and not more than one officer or other representative of each party, unless the witness consents that other persons may be present, in which latter event such other person or persons may be present.

6. Any documents, answers to interrogatories, and transcripts of depositions subject to this order shall upon being filed with the clerk of this court be retained under seal by said clerk, and shall not be made available to anyone other than the persons authorized hereby to have access to them, except upon order of a judge of this court after notice to, and opportunity to be heard by, the witness in question.

7. In making this order the court does not assume to rule with finality that any specific document, item or deposition actually constitutes or contains confidential information; and nothing herein shall prevent any party hereto or any witness affected from applying to the court for such relief from this order or such further or additional protective order as to the court may seem appropriate.

8. The parties, their counsel, accountants or other representatives, and all other persons afforded access thereto, are hereby enjoined from utilizing said documents, books and records, data, depositions and transcripts thus produced

other than for the purposes of the trial of this action, unless and until, and to the extent that the same are received as evidence in open court without restriction, or unless a judge of this court, with reference to the purposes of this or another case upon notice otherwise orders. Upon the stipulation by the parties to this and any other case pending in this court that discovery in each case shall be available for purposes of the other, the material may be used for the purposes of both cases, subject to the other restrictions herein provided.

9. This order shall have reference only to the depositions of and subpoenas to officers and agents of non-party oil companies in proceedings now pending, unless hereafter extended by the court to cover other witnesses.