John R. CORBETT

v.

**FREE PRESS ASSOCIATION, Inc.**

Civ. A. No. 5736.

United States District Court,
D. Vermont.

June 17, 1970.

Wick, Dinse & Allen, Burlington, Vt., for plaintiff.

Gravel & Shea, Burlington, Vt., for defendant.

## MEMORANDUM OPINION

OAKES, District Judge.

This is an action for breach of a contract of employment with defendant as general manager of its newspaper.

■ At a deposition taken December 19, 1969, the president of defendant corporation declined to answer questions propounded to him regarding the net profit of defendant and total lineage of paid advertising during the years 1964–1968. Although defendant's memorandum does not distinguish between them in its contention that all the information sought is extremely confidential and potentially damaging in the wrong hands, the questions which defendant's president declined to answer can be considered separately. We take judicial notice that advertising lineage is commonly published in newspaper trade magazines (see Editor & Publisher, May 23, 1969, page 14A) and should not be removed from the scope of permissible discovery merely owing to business sensitivity.

■ On the other hand, the profits (or losses) of a business are generally of a confidential nature. See McClure v. Boeger, 105 F.Supp. 612, 613 (D.C. Pa.1952); Uinta Oil Refining Co. v. Continental Oil Co., 36 F.R.D. 176 (D.C. Utah 1964). Information of this sort might well be useful to an actual or potential competitor or others. For this reason, the question pertaining to net profits of defendant will be considered differently herein.

Plaintiff relies on Rule 26(b) of Federal Rules of Civil Procedure as allowing discovery in a deposition of "any matter not privileged which is relevant to the subject matter involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at trial if the testimony sought seems reasonably calculated to lead to the discovery of admissible evidence."

■ The scope of discovery permitted on oral deposition is broad and the rules governing it are, of course, to be liberally construed. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). But these rules should not be interpreted so broadly that unnecessary and prejudicial disclosure is required. The problem becomes acute where disclosure of confidential business information is sought. Shawmut, Inc. v. American Viscose Corp., 11 F.R.D. 562, 566 (S.D.N.Y. 1951).

Plaintiff contends that an agreement modifying his original contract and dated September 16, 1966, was signed under duress, specifically, as Plaintiff's Memorandum states (p. 2), under threat of dismissal. Given this circumstance, plaintiff contends that this September 16 agreement is of no effect and does not supersede an earlier agreement of January 29, 1964, in which plaintiff's compensation was partially dependent upon the net profit of defendant.

Such facts as were elicited in the deposition of plaintiff, also taken on December 19, 1969, lend little weight to the allegation that plaintiff executed the September agreement under duress. Plaintiff continued to work for defendant until May 31, 1968, twenty-one months after the September agreement was signed. On pages 16–19 of his deposition, plaintiff testified that at the time of the signing of the September 1966 agreement he was of full age, sound mind, not under the influence of drugs or alcohol and understood the terms of the documents he signed. He

did not testify specifically as to whether he was or was not under duress at the time of signing the agreement.

█ Plaintiff argues in his memorandum in support of the motion (p. 3) and orally that because the September 16, 1966, agreement provided for a substantially smaller salary than plaintiff had been receiving previously, he signed the agreement under duress. It is arguable that, given the extremely broad and vague terms of the agreement of September 16, 1966, neither plaintiff nor defendant then knew the size of a resultant decrease in plaintiff's salary, if one did in fact result. But we fail to see how the amount of any such decrease would bear upon the question of duress in the execution.

"It is well established that discovery has limits and that these limits grow more formidable as the showing of need decreases. Hickman v. Taylor, supra; United States v. Procter & Gamble Co., 1958, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 * * *" United Airlines, Inc., v. United States, 26 F.R.D. 213, 219, n. 9 (D.Del.1960).

Plaintiff further argues (p. 3) that even if the questions propounded were relevant only to damages, this evidence would still be discoverable since the answers sought to not involve patents, trademarks or the like. However, the information sought to be protected in this case is certainly of the same nature as a trade secret. As such the language of the United States Supreme Court in Sinclair Refining Co. v. Jenkins Petroleum Process Co. (1933), 289 U.S. 689, at page 696, 53 S.Ct. 736, at page 738, 77 L.Ed. 1449, at page 1455, is to be considered:

"To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course or that protection will not be given to his adversary against impertinent intrusion. * * * It is all a matter of discretion."

In Professor Moore's treatise on federal practice, he notes that the *Sinclair* case is still good law under the Federal Rules and adds,

"While the measure or amount of damages is clearly a matter * * * which is relevant to the subject matter involved in the action, the Court in its discretion may order discovery as to damages to be deferred until after a determination of the plaintiff's right to recover." Moore's Federal Practice, Vol. 4, p. 1229.

Plaintiff in this case, the argument on the motion tells us, is still actively engaged in various aspects of the newspaper business although not in the area of Burlington, Vermont.

█ The possibility of a restrictive order pertaining to the divulging of the requested information exists under Rule 30(b) of Federal Rules of Civil Procedure. The provisions of this rule give the Court broad power to control the use of the discovery process, and the exercise of this power is in the sound discretion of the Court. Textured Yarn Co. v. Burkart-Schier Chemical Co., 41 F.R.D. 158 (D.Tenn. 1966); Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514 (D.Conn. 1961); Rose Silk Mills v. Insurance Company of North America, 29 F.Supp. 504 (1939).

█ The rule permits the deposition to be taken with no one present except the parties to the action and their officers or counsel. While such an arrangement certainly lessens the danger of sensitive information falling into the hands of an unauthorized person, it does not eliminate such a danger. In the absence of a stronger showing than has been made here by the plaintiff of necessity, however, we see no need at this time to order discovery, even invoking the safeguards of Rule 30(b).

 This case is to be tried by the Court. If in the course of trial, need for the sought-after data is shown, any inconvenience to the Court or counsel in producing it will be minor. Should liability be determined at trial, discovery of evidence relative to damages may easily be had, Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962), or should a stronger showing of necessity for discovery be made at the hearing on the merits, a continuance may readily be had for discovery purposes.

For the reasons stated herein, plaintiff's motion to compel answers to oral interrogatories on deposition is granted as to the question of advertising lineage and denied as to profits during the years in question here.