Robert P. PALMER, et al., Plaintiffs,

v.

The READER'S DIGEST ASSOCIATION, INC. d/b/a Reader's Digest International, et al., Defendants.

No. 84 Civ. 8397 (CSH).

United States District Court, S.D. New York.

Nov. 16, 1988.

---

**446**

Barbara L. Levine, Warshaw Burstein Cohen Schlesinger & Kuh, New York City, for plaintiffs.

Bernard M. Plum, Proskauer Rose & Mendelsohn, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Reader's Digest Association, Inc. d/b/a Reader's Digest International ("Reader's Digest") objects, on behalf of all defendants, to an Order of Magistrate Leonard A. Bernikow directing it to produce its financial statements for the years 1979–1985, in unredacted form.[1]

> Rule 72 of the Fed.R.Civ.P. provides that The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to law.* (emphasis added).

Finding that defendants have not met their burden of showing Magistrate Bernikow's ruling to be clearly erroneous or contrary to law, I adopt the Magistrate's Order in its entirety.

Plaintiffs allege that, in violation of the Age Discrimination in Employment Act, age was the dispositive factor in the involuntary termination of their employment with Reader's Digest. Defendants assert that it was not age, but a restructuring of the company, prompted by a decline in profits, that necessitated the elimination of the positions formerly held by each of the twenty-five plaintiffs in this action. Plaintiffs seek discovery of Reader's Digest's financial statements in order to meet its burden of showing that defendants' asserted non-discriminatory motive for the adverse decision regarding their employment was merely a pretext for a discriminatory employment policy.

It is clear that plaintiffs must have access to some sort of financial records in order to effectively carry their burden on the issue of pretext. *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir.1978) ("[a] plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim"). However, "[t]hat rule [allowing plaintiffs access to information necessary to prove pretext] does not ... permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is *too broad and oppressive.*" *Id.* (emphasis added). The request made by plaintiffs in the instant case is neither too broad, nor is it oppressive. Plaintiffs simply seek to discover financial data for the relevant time period in order to carry their burden on the issue of pretext in the face of defendants' purported legitimate, non-discriminatory motive for their termination.

Reader's Digest contends that as a privately held company its financial statements "constitute the most sensitive form of confidential data," which should not be discoverable in unredacted form. October 31, 1988 Letter of Bernard M. Plum at page 2. Defendants propose that Reader's Digest produce, in the form of an index,

---

1. After hearing argument on June 15, 1988, September 15, 1988, September 20, 1988 and again on October 20, 1988, Magistrate Bernikow ruled orally on October 20, 1988 as to the discoverability of Reader's Digest's financial statements, and subsequently stayed the effect of his Order so that Reader's Digest could file its objections to his ruling.

documents sufficient to establish its net income, the figure it contends is most closely related to profit. Defendants also propose that actual net income figures, as those numbers are reported on audited financial statements, be provided to Magistrate Bernikow, along with an explanation of how the index provided to the plaintiffs was created.

Although "the profits (or losses) of a business are generally of a confidential nature," *Corbett v. Free Press Ass'n*, 50 F.R. D. 179, 180 (D.Vt.1970) (then District Judge Oakes), where, as here, it is the financial status of the company that is at issue,[2] such figures must be subject to discovery. Of course, because "[i]nformation of this sort might well be useful to an actual or potential competitor or others," *id.*, such information, although discoverable, must be subject to strict non-disclosure provisions. Magistrate Bernikow ordered Reader's Digest to produce its audited financial statements but only subject to a protective order to be drafted by defendants' counsel. Plaintiffs have agreed that only four attorneys at the firm of Warshaw Burstein Cohen Schlesinger & Kuh, three of whom are directly involved in the captioned litigation and one of whom is also a certified public accountant with skills in digesting financial data, shall have access to the information. November 7, 1988 Letter of Barbara L. Levine at Page 1. Such a constraint on the dissemination of Reader's Digest's financial statements adequately protects its interests in the maintenance of their confidentiality. *See Vollert v. Summa Corp.*, 389 F.Supp. 1348, 1351 (D.Haw.1975).

Defendants' application for reversal of Magistrate Bernikow's Order requiring the production of Reader's Digest's unredacted financial statements for the years 1979–1985 is denied. Defendant is hereby direct-

ed to comply with the Magistrate's Order in its entirety.

SO ORDERED.

---

2. Defendants contend that redacted financial statements will serve to prove the reorganization of Reader's Digest as well as the declining profits the company experienced in recent years and therefore that unredacted information should not be provided. Plaintiffs, however, do not contest the existence of a reorganization, which may well have been premised in part on decreased profits, but contend that this reorganization was a mere pretext for age discrimination—discrimination which cannot be established without a "line" analysis of Reader's Digest's financial statements.