**Joseph RENSHAW**

v.

**Edward RAVERT, Individually and as a police officer of the City of Philadelphia, et al.**

**Civ. A. No. 78–1076.**

United States District Court,
E. D. Pennsylvania.

March 15, 1979.

Milton S. Lazaroff, Philadelphia, Pa., for plaintiff.

Gerald T. Clark, Asst. City Sol., Law Dept., Philadelphia., Pa., Nicholas J. Nastasi, Philadelphia, Pa., for defendants.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff served a request for the production of documents with defendant City of Philadelphia and interrogatories with defendants Ravert and McGinnis. Defendant City of Philadelphia objected to plaintiff's requests for production of documents numbers 4 and 5. Defendant Ravert objected to plaintiff's interrogatories 5, 6, 8, 10, 11, 12, 13, and 14. Plaintiff moved to compel the production of the documents that had not been produced and answers to the interrogatories by defendant Ravert. Defendants City of Philadelphia and McGinnis opposed plaintiff's motion. Defendant Ravert did not respond to plaintiff's motion.

Following this activity, discovery matters were held in abeyance pending resolution of defendant Ravert's motion that plaintiff's counsel be disqualified. We granted that motion, and trial preparation has resumed. Through the use of oral deposition, plaintiff has acquired from Ravert much of the information that he sought in the motion to compel. Plaintiff's new counsel has therefore advised us that the remaining portions of the motion to compel that require a ruling are the request for the production of documents and interrogatories 5, 6, 8 through 14, and 50 directed to Ravert.

Because Ravert has neither answered nor objected to interrogatories 9 and 50, he will be compelled to answer those interrogatories. Ravert's silence on these two interrogatories, in the face of the interrogatories themselves and the motion to compel, can only be interpreted as a waiver of any objection he may have had. *Davis v. Romney*, 53 F.R.D. 247 (E.D.Pa.1971).

Ravert objected to interrogatories 5, 6, 8, and 10 through 14 on the ground of relevancy. The primary guide for determining whether information sought by the discovery process is within the permissible scope of discovery is Federal Rule of Civil Procedure 26(b)(1). That section provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents,

tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Interrogatories 5, 6, 8, and 10 relate generally to Ravert's involvement in any prior suits or disciplinary proceedings concerning abuse of his lawful authority and the eventual disposition of those proceedings. In ruling on these interrogatories, we intimate no view as to the admissibility of information that may be ascertained. We note, however, that "[m]atters that affect the credibility of a deponent, or might be used in impeaching or cross-examining a witness at the trial, may be inquired into." 4 Moore's Federal Practice ¶ 26.56[1], at 26–117 to 26–119 (2d ed. 1976). *See Montecatini Edison S.p.A v. E. I. du Pont de Nemours & Co.*, 434 F.2d 70 (3d Cir. 1970). It has been noted that "discovery is to be considered relevant where there is *any possibility* that the information sought may be relevant to the subject matter of the action." *United States v. International Business Machines Corp.*, 66 F.R.D. 215, 218 (S.D.N.Y.1974) (emphasis in original). Because we believe that the requested information in this case meets that test, we will compel answers to these interrogatories.

Interrogatories 11 through 14 seek information concerning Ravert's personal financial status. Although this line of inquiry is not ordinarily permitted, 8 Wright & Miller, Federal Practice & Procedure § 2010, at 93 (1970), when a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration. *See Hoffman v. Sterling Drug, Inc.*, 374 F.Supp. 850, 857 (M.D.Pa.1974); *Hughes v. Groves*, 47 F.R.D. 52 (W.D.Mo.1969); Restatement of Torts § 908(2); Comment, *The Relationship of Punitive Damages and Compensatory Damages in Tort Actions*, 75 Dickinson L.Rev. 585, 588 (1971). Punitive damages may be awarded in § 1983 suits. *Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965).

Plaintiff is seeking punitive damages in this suit. We therefore believe that the production of this information may properly be compelled.

Plaintiff's request for the production of documents number 4 seeks, *inter alia,* "records, interviews, memoranda, or other documents contained in or made part of the personnel records or files of defendant police officers Ravert and McGinnis that were or are currently maintained by defendant City of Philadelphia, including . . . complaints concerning their conduct as police officers, [and] disciplinary or internal police review of their activities as police officers. . . . " Request number 5 also concerns complaints made against the two officers. Defendants City of Philadelphia and McGinnis have objected to these requests as irrelevant, immaterial, privileged and confidential.

To the extent that interrogatory number 4 seeks information in addition to that quoted above, we agree with defendants that the material sought is irrelevant. However, insofar as the request is directed to complaints directed against the officers and investigations of those complaints, we believe that, for the reasons discussed in connection with interrogatories 5, 6, 8, and 10 directed to Ravert, the material is within the scope of permissible discovery. We have therefore, at the request of the City, examined *in camera* the material sought by requests 4 and 5. After examining this material and applying the considerations discussed by Judge Becker in *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D.Pa.1973), we believe that plaintiff's need to examine this material outweighs defendants' objections. We do not believe that divulging this information will result in an undesirable chilling effect on complainants or informants. Nor do we believe that plaintiff's ability to discover some of this information by discovery directed to the individual officers requires denying the motion. We believe that in this case the information that may be obtained by other means will be incomplete, and the burden caused by any overlap will be minimal.

We will therefore compel production of the documents sought by request number 5 and by request number 4 to the extent that request is directed to documents relating to complaints concerning the conduct of officers Ravert and McGinnis and investigations of those complaints. We specifically exclude from the order to compel the performance reports for the defendant officers. We have examined these reports and find that they contain no relevant information. Moreover, we wish to respect the confidentiality of the police department's evaluation process, particularly where the absence of relevant information suggests that there is no compelling need for their production.