See also, D.C., 117 F.R.D. 19.

**ST. JOSEPH HOSPITAL, a duly licensed hospital and nonprofit corporation doing business in Bangor, County of Penobscot, and State of Maine, Plaintiff,**

**v.**

**INA UNDERWRITERS INSURANCE COMPANY, an insurance company doing business in the State of Maine, and Insurance Company of North America, an insurance company doing business in the State of Maine, Defendants.**

**Civ. No. 86–0133–B.**

United States District Court,
D. Maine.

Sept. 29, 1987.

Harold J. Friedman, Gregory W. Powell, Friedman & Babcock, Portland, Me., for plaintiff.

Frederick J. Badger, Jr., Richardson Troubh & Badger, Bangor, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

GENE CARTER, District Judge.

Currently before the Court is Plaintiff's Motion to Compel Production of Documents. Specifically, Defendants have refused to produce four sets of documents. First, Defendants have refused to produce sample copies of their institutional medical malpractice policies used at any time between 1980 and the present. Second, Defendants have not produced copies of every financial statement for each of the Defendants from 1985 to the present. Third, Defendants refused to produce copies of all documents filed with the state and local authorities showing Defendants' income for 1984 through the present. Finally, Defendants did not produce any documents relating to the Defendants' closure of their office in Portland, Maine. For the following reasons, Plaintiff's motion is granted.

### I. Sample Copies of Medical Malpractice Policies

■ In this action, Plaintiff is suing its insurer for allegedly failing to provide it with an adequate legal defense. Neither party can find the insurance policy, or a copy of the one actually issued to Plaintiff. Thus, they have been reduced to piecing together similar policies in an effort to stipulate to a policy for purposes of trial or otherwise prove the content of the actual policy. Plaintiff requested copies of Defendants' institutional medical malpractice policies used at any time between 1980 and the present. Defendants have not produced the requested copies, but have instead produced what they term "an exemplar policy that would have been the policy that would have covered the hospital during the applicable period of time." Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents at 1. Clearly, Plaintiff should not be required to depend upon Defendants' representations concerning the policy. Plaintiff's request is reasonable, and if Defendants are still unable to locate the policy, Defendants should produce sample copies of institutional medical malpractice policies used between 1980 and the present.

### II. Financial Statements

■ Plaintiff has included in its complaint a claim for punitive and exemplary damages. Plaintiff asserts, and Defendants do not deny, that the Defendants' financial condition is relevant to the issue of punitive damages. Thus, Plaintiff has requested copies of financial statements for the Defendants and copies of documents filed with state or federal authorities showing the Defendants' income. Defendants baldly assert that Plaintiff's claims for punitive damages are without basis in law or fact and therefore Defendants should not be required to comply with Plaintiff's request. It is for this Court, and not the Defendants, to determine whether Plaintiff's claims have a basis in law or fact. Defendants have offered no motion to dismiss Plaintiff's claims for punitive damages. Plaintiff is therefore entitled to production of the financial statements and documents showing Defendants' income. The discoverability of information is not *governed* by consideration of whether what is discovered would be admissible at trial; that which leads to the *discovery*

of relevant evidence is discoverable whether either may subsequently qualify for admission into evidence under the Rules of Evidence. Further, denial of discovery, otherwise proper, before determinations of admissibility are possible creates a significant hazard of delay and confusion at trial if information sought to be discovered has not been completed. A determination at trial that such information would be properly admissible would likely require a delay in the presentation of evidence so that permissible discovery could then be carried out. The safer course is to complete permissible discovery before trial so that the information discovered will be available to offer at trial if it is found to be admissible.

### III. Documents Relating to Defendants' Closure of Their Portland Office

In June 1984, the hospital was sued by a former patient, Scott Malloch. Defendants concede that Plaintiff sent a copy of the complaint and summons to Defendants at their claim office in Portland. Defendants further concede that the complaint and summons were misplaced in the Portland office. Defendants did not discover this error until several months later, after the Portland claims office had been closed and another unrelated file was reviewed in Defendants' Manchester, New Hampshire office. Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents at 3. Plaintiff asserts that its liability claims arise in part from the negligence of Defendants in handling the summons and complaint forwarded to them by the hospital. Plaintiff therefore contends that Defendants' office procedures, and the procedures Defendants used in closing its Portland office, are relevant, presumably, in part at least, because of some departures from, or slippage in, normal procedures because of conditions prevailing as a result of the closure. Defendants contend that the information sought by Plaintiff is irrelevant.

The documents sought by Plaintiff may be probative of whether Defendants were negligent in handling the complaint and summons. Discovery under the Federal Rules is extremely broad in scope. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Discovery should encompass any unprivileged matter which is relevant to the subject matter involved in the action, even if the information requested would not be admissible at trial, provided it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1). Clearly, Plaintiff's request falls within Rule 26(b).

Accordingly, it is *ORDERED* that:

(1) Plaintiff's Motion to Compel Production of Documents be, and it is hereby, *GRANTED*, and said documents shall forthwith be produced for Plaintiff's use; and

(2) As agreed by Plaintiff, the production of financial documents will enjoy the full and comprehensive protection of the Confidentiality Order previously entered by the Court.