**MID CONTINENT CABINETRY, INC., Plaintiff,**

v.

**GEORGE KOCH SONS, INC., an Indiana corporation, et al., Defendants.**

**No. 87–1248–C.**

United States District Court, D. Kansas.

March 12, 1990.

Martin W. Bauer & Terry J. Torline of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for plaintiff.

David W. Beehler & Kevin D. Conneely of Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn. and Dennis M. Feeney of Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., for defendant George Koch Sons, Inc.

## ORDER

JOHN THOMAS REID, United States Magistrate.

On January 2, 1990, plaintiff filed a motion to compel defendant George Koch Sons, Inc. ("defendant") to produce financial statements and tax returns for the years 1985–1989. Plaintiff alleges in counts one and two of its third amended complaint that defendant made certain fraudulent misrepresentations knowingly, willfully, and/or with reckless disregard for their truth or falsity. Plaintiff claims that it relied on these misrepresentations in purchasing a flatline finishing system from the defendant. Plaintiff seeks punitive damages on these claims. The financial records and tax returns are sought in relation to plaintiff's claim for punitive damages.

Because no timely response was filed to the motion, the motion was granted as an uncontested motion on January 29, 1990. Defendant filed its response later on January 29, 1990, and a motion to reconsider on January 31, 1990. No response has been filed to the motion to reconsider, though counsel for plaintiff did send a letter to the court and opposing counsel indicating that it would not be filing a response, but requesting that the court's order of January 29, 1990 be upheld for the reasons set forth in that order.

In the motion to reconsider, defendant indicates that plaintiff's counsel had agreed to allow defendant until January 29, 1990 to file its response, but that defendant's counsel had inadvertently failed to notify the court of the agreement between the parties. This court generally will permit additional time to file pleadings, especially when opposing counsel agrees with the request. For this reason, and in order to permit the defendant an opportunity to be heard on the merits of the motion, the court will reconsider its order of January 29, 1990.

Defendant argues that financial information is not discoverable until plaintiff makes a *prima facie* showing of a triable issue regarding punitive damages, and that

plaintiff has failed to make such a showing. Defendant also argues that until plaintiff, who is asserting theories of recovery in tort and contract on the same factual allegations, elects which theory of recovery it will pursue, it should not be allowed to discover information on defendant's financial condition.

■■■■ As a preliminary matter, it should be noted that discovery is a procedural matter that is governed in federal court by the Federal Rules of Civil Procedure. Thus, state discovery practices are usually irrelevant. *American Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (W.D.Okla. 1978); *see also* 8 Wright and Miller, *Federal Practice and Procedure* § 2005 (1970) (state law will govern only when the Federal Rules so indicate). Under Fed.R.Civ.P. 26(b)(1), a party is entitled to discovery of any non-privileged matter which is relevant to the subject matter involved in the pending action. Information of defendant's net worth or financial condition is relevant in this case because it can be considered in determining punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270, 101 S.Ct. 2748, 2761, 69 L.Ed.2d 616 (1981); *Ramsey v. Culpepper*, 738 F.2d 1092, 1099 (10th Cir.1984) (court followed state law in a diversity action); *Spaeth v. Union Oil Co. of California*, 710 F.2d 1455, 1460 (1983), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1946, 90 L.Ed.2d 356 (1986) (same); *Folks v. Kansas Power & Light Co.*, 243 Kan. 57, 75–76, 755 P.2d 1319, 1334 (1988).

■■■ When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages. *Randall v. County of Wyandotte*, No. 87–2580, 1988 WL 139522 (D.Kan. Dec. 5, 1988) (O'Connor, C.J.); *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 329–30 (D.Mont. 1988); *St. Joseph Hospital v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25–26

(D.Me.1987); *Marsillo v. National Surety Corp. (In re Bergeson)*, 112 F.R.D. 692, 696 (D.Mont.1986); *Fretz v. Keltner*, 109 F.R.D. 303, 310–11 (D.Kan.1986); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D.Pa.1979); *American Benefit Life Ins. Co. v. Ille*, 87 F.R.D. at 542–43; *Lackawanna Refuse Removal, Inc. v. Procter and Gamble Paper Products Co.*, 26 Fed.R.Serv.2d 375, 376 (M.D.Pa.1978); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D.Okla. 1977); *Vollert v. Summa Corp.*, 389 F.Supp. 1348, 1351 (D.Haw.1975); *Holliman v. Redman Development Corp.*, 61 F.R.D. 488, 490–91 (D.S.C.1973); *see also* Annotation, *Pretrial Discovery of Defendant's Financial Worth on Issue of Damages*, 27 A.L.R.3d 1375, 1377 (1969) (most state courts permit pretrial discovery of defendant's financial condition without requiring a *prima facie* showing of entitlement to punitive damages). However, some federal courts have not allowed pretrial discovery of financial information when a punitive damages claim has been asserted. *See John Does I–VI v. Yogi*, 110 F.R.D. 629, 633 (D.D.C.1986) (discovery of financial status should not be turned over until necessary to prove up punitive damages); *Davis v. Ross*, 107 F.R.D. 326, 327–28 (S.D.N.Y.1985) (court holds it is required to follow state court rule barring discovery of net worth until the trier of fact finds that the plaintiff is entitled to punitive damages) [1]; *Skinner v. Aetna Life Ins. Co.*, 38 Fed.R.Serv.2d 1194, 1195 (D.D.C. 1984) (discovery not permitted in absence of a *prima facie* showing of punitive damages); *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589–90 (W.D.Pa.1983) (discovery barred absent allegations in complaint of facts that demonstrate a "real possibility" that punitive damages will be at issue); *Rupe v. Fourman*, 532 F.Supp. 344, 350–51 (S.D.Ohio 1981) (in a bifurcated trial, discovery of personal financial status for punitive damages claim not permitted unless and until defendant's liability established).

---

1. The court in *Davis* erred by not considering the fact that the issue of discoverability is a procedural matter, not a substantive matter, and

is thus governed by the Federal Rules of Civil Procedure, as noted earlier in this opinion.

After reviewing the cases cited above and the arguments of the parties, the court holds that plaintiff need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns. First, knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. *Holliman*, 61 F.R.D. at 491.

■ Second, the requirement that claimant establish a *prima facie* case applies to the admissibility of evidence about financial status, not its discoverability. *Baker*, 123 F.R.D. at 330. The discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial. *St. Joseph Hospital*, 117 F.R.D. at 25–26. To require a *prima facie* showing of entitlement to punitive damages at this time, before the completion of discovery, could also be quite difficult for the plaintiff and would not be logical since the very purpose of discovery is to locate evidence to support a punitive damages claim. Furthermore, to deny discovery of net worth until plaintiff can make a showing of a *prima facie* case at trial would only lead to delay and confusion while plaintiff reviews the information for the first time. *St. Joseph Hospital*, 117 F.R.D. at 26.

■ Contrary to defendant's argument, the court in *Fretz v. Keltner* did not require a *prima facie* showing of entitlement to punitive damages before plaintiff was entitled to discovery of financial information of the defendant. In that opinion, Judge Saffels said as follows:

"This is a medical malpractice action in which plaintiffs have stated a claim for punitive damages. While not ultimately ruling on the issue of whether there is a submissible punitive damages claim, the court does find that plaintiff's have alleged sufficient facts in support of their position, therefore the requested information is both relevant and discoverable."

109 F.R.D. at 310–11. By not requiring plaintiff to show a submissible punitive damages claim, Judge Saffels clearly indicated that a *prima facie* showing was not required. This court previously held that plaintiff has alleged sufficient facts to make a claim for punitive damages, and it has not been persuaded otherwise by the defendant. The court finds that it is sufficient for plaintiffs to show that his claim for punitive damages is not spurious in order to be entitled to discovery of defendant's financial condition. *Vollert*, 389 F.Supp. at 1351.

Third, while a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order. *Marsillo*, 112 F.R.D. at 696; *Lackawanna*, 26 Fed.R.Serv.2d at 376; *Vollert*, 389 F.Supp. at 1351. The court does recognize that a protective order may not always protect a party. For example, if a plaintiff and defendant were business competitors, disclosure of defendant's financial records to the plaintiff, even with a protective order, could cause the defendant great harm. In such circumstances, a delay in discovery until a *prima facie* showing of entitlement to punitive damages is shown might be justified. However, that issue is not before the court in this case. On the facts of this case, the court believes that a protective order would provide defendant with adequate protection while permitting discovery to proceed in an orderly manner.

■ Defendant also argues that plaintiff should not be entitled to discovery of the financial condition of the defendant until such time as the plaintiff elects to proceed under its tort or contract remedies. An election of remedies is required only when the claims are inconsistent. *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 515, 757 P.2d 304, 306 (1988). The purpose of the election of remedies doctrine is not to prevent recourse to a particular remedy but to prevent double redress for a single wrong. *Griffith v. Stout Remodeling, Inc.*, 219 Kan. 408, 411, 548 P.2d 1238, 1242 (1976). First, it is not clear that plaintiff will be required to elect

between his contract and tort theories. In Kansas, an action for breach of contract, standing alone, does not call for punitive damages, but such damages are allowed if an independent tort of fraud is proven. *Abbick*, 243 Kan. at 516, 757 P.2d at 307. However, even assuming that the doctrine of election of remedies will apply in this case and force plaintiff to choose between his contract and tort theories, it would be error to require plaintiff to elect his remedies before trial. *Griffith*, 219 Kan. at 413, 548 P.2d at 1243. The court can see no justification for requiring plaintiff to elect between remedies before he would be allowed to discover information on defendant's financial condition for the purpose of a punitive damages claim. Therefore, the court finds that the doctrine of election of remedies should not preclude plaintiff from pretrial discovery of the financial condition of the defendant.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is granted.

IT IS FURTHER ORDERED that defendant may prepare a protective order regarding disclosure of its financial statements and tax returns, submit the order to opposing counsel, and then to the court for its approval.