Richard A. CHENOWETH, Executor of the Estate of Reid B. Babcox, Sr., Deceased, Plaintiff,

v.

John T. SCHAAF, M.D., the Hamot Medical Center and George Bandow, M.D., Defendants.

Civ. A. No. 82–205 Erie.

United States District Court, W.D. Pennsylvania.

July 27, 1983.

Mark A. Hruska, Cauley, Birsic & Conflenti, Pittsburgh, Pa., for plaintiff.

Will J. Schaaf, Erie, Pa., for John T. Schaaf, M.D.

Ronald H. Heck, Pittsburgh, Pa., for George Bandow, M.D.

T. Warren Jones, Erie, Pa., for Hamot Medical Center.

## MEMORANDUM OPINION

MENCER, District Judge.

In this medical malpractice action, the question before the Court is whether the defendant physicians should be compelled to disclose information concerning their respective financial conditions, during discovery, where plaintiff has alleged that the defendants' conduct was not only negligent but also outrageous.

The issue arose as follows: Plaintiff served identical sets of five question interrogatories on defendant doctors.[1] Defendant Bandow responded by objections to all five questions on the basis that each was beyond the scope of discovery. Plaintiff thereupon moved to compel answers. Defendant Schaaf, upon receipt of his set of interrogatories, moved for a protective order pursuant to Fed.R.Civ.P. 26(c). The respective parties have briefed the issue framed above.

Plaintiff claims that he has allegations of negligence, which if believed, would entitle him to compensatory damages. He also claims that he has allegations of outrageous conduct on behalf of the defendants, which if believed, would entitle him to punitive damages under Pennsylvania law. He contends that it is important for the plaintiff to be able to ascertain the financial condition of a defendant in a punitive damage case so as to present to the jury a

1. What assets are held by John T. Schaaf, M.D. and George Bandow, M.D., individually as of September 1, 1981? What were his personal liabilities as of September 1, 1981? Please state John T. Schaaf, M.D.'s taxable income for the years 1979, 1980, 1981 and 1982? Please attach copies of John T. Schaaf, M.D.'s 1040 Forms to your answers to these Interrogatories for the years 1979, 1980, 1981 and 1982. Please state the name and address of the accountant for John T. Schaaf, M.D. for the years 1979, 1980, 1981 and 1982.

method to determine a sufficiently heavy penalty for that particular defendant. Therefore, the information is discoverable.

Defendants claim generally that pretrial discovery of the financial status of the defendant is prohibited absent a bona fide claim for punitive damages. They assert that plaintiff has done nothing more than make bald allegations of outrageous conduct which are insufficient to allow for pretrial discovery into this sensitive area. Defendant Schaaf cites, with approval, the case of *Luria Brothers and Company, Inc. v. Allen,* 469 F.Supp. 575 (W.D.Pa.1979) wherein Judge (now Chief Judge) Teitelbaum allowed discovery of the financial condition of the defendants in a punitive damages case. Defendant correctly points out, however, that *Luria* was concerned only with the issue of damages, liability having previously been determined.

Under the liberal rules concerning discovery in federal court, such may be had concerning all items, relevant to the subject matter involved, so long as it is not privileged material. Fed.R.Civ.P. 26(b)(1). For instance, were it previously determined that a defendant's conduct was such so as to allow the plaintiff to recover punitive damages, then, disclosure of the general net worth of said defendant is appropriate. On the other hand, should a complaint read solely in negligence, then the general net worth of the defendant is not discoverable because it would bear no relevance to that particular subject matter.

The present situation lies between the two points isolated above. Both the defendants and the plaintiff have submitted several Pennsylvania decisions from county courts on this issue. The cases fail to establish a clear set of guidelines and, of course, this Court is not bound by any of the decisions. The competing interests are the right of plaintiff to have full pretrial discovery so as to be prepared for a full and fair trial as against inquiry into a particularly sensitive and perhaps irrelevant aspect of defendant's life.

An examination of the complaint is sufficient for the Court to make the determination of whether to allow this discovery or not. Merely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue. Should that be the case, then discovery of the financial condition of the defendant will be allowed, pretrial, as explained below.

We turn, at this point, to the plaintiff's complaint. Paragraph 13 alleges that the defendant doctors, Schaaf and Bandow (together with Hamot Medical Center, also a named defendant), were negligent in a variety of ways. While some allegations are specific, many are alleged in broad terms, for instance:

(c) In failing to properly assess the plaintiff's decedent status;

(d) In failing to properly evaluate and monitor the condition of the plaintiff's decedent;

(f) In being inattentive to the circumstances then and there existing;

(*l*) In failing to comply with the applicable by-laws and/or articles of incorporation of the defendant, Hamot Medical Center; and

(n) In failing to accurately document the medical records.

Paragraph 16 then alleges that in addition to the negligence already pled, "the actions of the defendants hereinabove and hereinafter referred to were careless, reckless, wanton and grossly negligent and therefore, plaintiff seeks punitive damages...."

We do not feel that this approach merits the disclosure of the financial information sought. In addition the complaint in no way differentiates between the actions of Bandow and Schaaf. It may well be that plaintiff will be able to establish that the conduct of one and not the other was outrageous.

We, therefore, hold that from the face of the complaint, nothing other than statements, conclusive in nature, are included from which the Court is unable to say that

there is a real possibility that punitive damages will be an issue, sufficient to allow the information requested. This in no way prohibits plaintiff from obtaining punitive damages should a sufficient evidentiary showing be made at trial.

We thus grant defendant Schaaf's motion for a protective order, and we deny plaintiff's motion to compel defendant Bandow's answers.

■ Were we inclined to rule differently, we would next turn to the five questions involved. Question five calls for the name of each physician's accountant. We do not believe that this information is discoverable in any event. Question four calls for copies of each physician's 1040 tax form. Again, we do not believe that this is proper since a 1040 form routinely includes more information than necessary for this inquiry. Question three calls for disclosure of the respective taxable income for the defendants. We do not believe that disclosure of the taxable income of each defendant is relevant to this inquiry. Questions one and two deal with disclosure of the assets and liabilities of each defendant. Again, even these questions while getting closer to the mark, may not pass muster since they appear to be inquiries into specific assets and liabilities.

Disclosure of the financial circumstances of a defendant, at this stage, should be a general statement of said individual's net worth. We believe that the questions submitted by plaintiff sought a far greater inquiry.

An appropriate order will issue.