Lynn **CARUSO**, Administratrix of the Estate of Gustave Caruso, Deceased and Lynn Caruso, Individually

v.

The **COLEMAN COMPANY**, et al.

Joseph **SCHWARZMAN**, Administrator of the Estate of Richard Schwarzman, Deceased and Joseph Schwarzman, Individually

v.

The **COLEMAN COMPANY**, et al.

Civ. A. Nos. 93–CV–6733, 94–CV–2779.

United States District Court, E.D. Pennsylvania.

Sept. 9, 1994.

Amended Order Filed Sept. 19, 1994.

---

Richard M. Ochroch, Leslie J. Castaldi, Ochroch and Blum, P.C., Philadelphia, PA, for Lynn Caruso.

Edward B. Joseph, Goldfein & Joseph, Philadelphia, PA, for Coleman Co., Inc.

Donald M. Davis, Michael J. Burns, Margolis, Edelstein and Scherlis, Philadelphia, PA, Joel K. Goldman, Herbert C. Donovan, Husch and Eppenberger, Kansas City, MO, for Turner Inc. in No. 93–CV–6733.

Richard M. Ochroch, Leonard B. Edelstein, Edelstein & Martin, Philadelphia, PA, for Joseph Schwarzman.

Donald M. Davis, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, Joel K. Goldman, Husch and Eppenberger, Kansas City, MO, for Turner Inc. in No. 94–CV–2779.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

Presently before the Court is Plaintiffs' Joint Motion to Strike Insufficient Answers and Objections, to Compel Complete Answers and Production of Documents, and for Sanctions Against Defendant, The Coleman

Company, Inc. The Defendant has filed an Answering Memorandum of Law in opposition to Plaintiffs' motion, and Plaintiffs filed a Reply in response to Defendant's Answer.

Plaintiffs have filed this action claiming products liability and negligence based on the deaths of plaintiffs' decedents, Gustave Caruso and Richard Schwarzman. On November 30, 1992, the two decedents were discovered inside a camping trailer, along with a propane-fueled lantern and propane cylinders manufactured and sold by defendant, the Coleman Company, Inc. [hereinafter "defendant"], and a propane-fueled heater manufactured and sold by defendant, Turner, a Division of Cooper Industries. Both the lantern and heater were in the "on" position and the propane cylinders were empty when the bodies were discovered. According to the Coroner's Report and the Post Mortem Report, the decedents died of carbon monoxide poisoning.

Separate complaints were filed by plaintiffs, and on July 14, 1994, the Honorable James McGirr Kelly entered a stipulation consolidating the two cases. Both plaintiffs jointly submitted the present Motion and Memorandum of Law on July 22, 1994. On August 25, 1994, Judge Kelly referred this Motion to this Magistrate Judge for disposition.

In their motion, plaintiffs seek this Court to strike defendant's insufficient answers and objections to plaintiffs' Interrogatories—Set I, Nos. 7(d), 7(f), 8(f), 12(d), 13(d), 16–18, 20, 23–25, 27–29, 30(b)–(e), 31, 32(b)–(e), 34, 35, 39, 40, 42, 43, 50, 51, 54, and 56, and plaintiffs' First Request for Production of Documents, Nos. 7, 10, 11, 17–25, 27, 28, 30, 31, 33, 34, 37, 38, 40–46, 48, 50–53, and 58; and compel defendant to provide complete and responsive answers to these discovery requests.[1] In addition, plaintiffs request permission to redepose defendant's corporate designee, Randy May, at defendant's expense, after plaintiffs have received defen-

dant's complete answers to discovery. Finally, plaintiffs request sanctions be entered against defendant pursuant to Fed.R.Civ.P. 37(c)(1) for reasonable expenses, including attorneys' fees, in preparing this Motion. Plaintiffs argue that defendant's many objections to their discovery requests of irrelevance, vagueness, broadness and privilege are really attempts to "stonewall" plaintiffs' proper discovery requests. *See* Plaintiffs' Memorandum at 5.

Prior to responding to plaintiffs' motion, defendants agreed to produce additional answers to plaintiffs' Interrogatories—Set I, Nos. 7(d), 7(f), 8(f), 12(d), 13(d), 20, 23–25, 27, 29, 31, 50, 51, 54 and 56, and agreed to identify and make available to plaintiffs Documents Nos. 7, 28, 30, 31, 33, 34, 41, 42, 45, 46, 50, 51, 52, 53 and 58. If defendant has not already complied with this agreement, then this Court orders that the answers and the information be produced to plaintiffs within ten (10) days of this order.

Defendant, however, contends that plaintiffs' other discovery requests seek irrelevant information and should be denied by this Court. The remaining requests consist of three groupings. First, information regarding investigations and determinations made by defendant *after* the incident on November 30, 1992. Second, information concerning defendant's financial statements and total sales revenue for the years 1987 through 1992. Third, the burdensomeness of producing all labels, mailings, warnings and instructions, including drafts thereof, which were supplied with or on defendant's propane cylinders and lanterns, including the models involved in this incident, sold in the United States and Canada from 1970 through November, 1992.

I. *Investigations and Determinations Made by Defendant After the Incident on November 30, 1992*

The gravamen of plaintiffs' case against defendant is that defendant provided grossly

---

1. Plaintiffs state in their reply memorandum that Document Requests 15 and 16 were inadvertently omitted from their Motion. These requests seek all labels and warnings on Coleman propane lanterns and cylinders sold in the United States from 1970 through November 30, 1992. Requests Nos. 15 and 16 are almost identical to Nos. 17 and 18, except Nos. 17 and 18 seek information from sales in Canada. Therefore, since the requests were inadvertently omitted and defendant does not object, I will accept them as part of the original motion. *See* Defendant's letter dated August 31, 1994.

inadequate warnings on the lantern and propane cylinders involved in this incident. Specifically, the label on the lantern indicated that "Adequate ventilation must be provided," and the warning on the cylinders indicated that "All burning appliances consume oxygen. Ample ventilation must be provided to avoid endangering your life." According to plaintiffs, neither of these warnings clearly warn victims of the danger of carbon monoxide poisoning or death. As a result, their discovery requests attempt to determine if defendant was aware of this danger, and whether the terms "adequate ventilation" and "ample ventilation" are ambiguous, causing injury and death to other victims. *See* Plaintiffs' Memorandum at 4. Defendants argue that discovery of information known or determinations made by the defendant *after the date of the accident* are not discoverable by the plaintiffs, citing *Bowman v. General Motors Corp.*, 64 F.R.D. 62, 68 (E.D.Pa. 1974).

■ The liberal language of Fed.R.Civ.P. 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." As a result, relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *Buffington v. Gillette Co.*, 101 F.R.D. 400 (W.D.Okla.1980). *See also Stabilus v. Haynsworth, Baldwin, Johnson & Graves*, 144 F.R.D. 258, 265 (E.D.Pa.1992).

■ Defendant cites *Bowman* for its conclusion that all information formulated after the accident at issue is non-discoverable. The issue in *Bowman* was whether information was discoverable regarding testing and changes in design after the manufacture date of the allegedly defective automobile. The

*Bowman* Court allowed discovery of such testing, but limited discovery to pre-accident information since plaintiff was seeking *changes* in the manufacturing of the automobile involved in the accident in order to prove knowledge of dangerous characteristics and the feasibility of correcting them. 64 F.R.D. at 68–69. Although information after the accident at issue is not discoverable under the basis of notice, *see Julander v. Ford Motor Co.*, 488 F.2d 839, 846 (10th Cir.1973), subsequent accidents are discoverable and sometimes admissible to prove causation. *Id. See also Kramer v. Boeing Co.*, 126 F.R.D. 690, 695 (D.Minn.1989) (other similar accidents, whether prior to or after the accident at issue, are often discoverable in products liability actions); *Uitts v. General Motors Corp.*, 58 F.R.D. 450 (E.D.Pa.1972) (discovery permitted concerning accidents subsequent to the accident in dispute where subsequent accidents involved identical equipment and relevant to prove causation).

The Court in *Julander* held that such evidence should be carefully examined before being *admitted into evidence* as bearing similarities to the circumstances surrounding the accident at issue. *Id.* citing *Prashker v. Beech Aircraft Corp.*, 258 F.2d 602, 608–609 (3d Cir.1958) (emphasis added). Notably, all the complaints regarding other accidents, both prior and subsequent to the accident at issue in *Julander*, were turned over in the discovery proceedings. 488 F.2d at 845.

At present, some of plaintiffs' requests are too broadly written to include all prior or subsequent incidents, tests or determinations involving carbon monoxide poisoning from any Coleman camping appliance or equipment. Therefore, defendant will be required to answer and produce information, if such information exists, of any *post-accident* incidents regarding the same models, Model 5152B700 LP lantern and 5102–712 LP fuel cylinder, or products with the same or similar internal parts specifications as the subject products.[2] *See* Interrogatories Nos. 28, 30(b)–(e), 32(b)–(e), 34, 35, 39, 40, 42 and 43; and Document Requests 19, 20, 21, 22, 30, 43,

---

**2.** Defendant has agreed to produce information regarding pre-accident determinations and tests. *See* Defendant's Answer at 6. Pre-accident determinations and tests may include all propane equipment as it is relevant to notice of the danger of propane. *See Julander, supra.*

44, 47, 48 and 51 (to the extent that Nos. 30 and 51 involve information after November 30, 1992).

## II. *Discovery of Defendant's Financial Statements and Sales Revenue*

Plaintiffs seek to discover information concerning defendant's total sales revenue for the years 1987 through 1992. Plaintiffs also seek defendant's financial statements for the years 1990–1992. Plaintiffs argue that the information is relevant to the issue of punitive damages, and defendant's motive for not providing adequate warnings of the danger posed by its propane-fueled camping products. Defendant argues that the information is irrelevant except to prepare plaintiffs for their punitive damage claims. Therefore, defendant objects that the discovery requests are premature since plaintiffs have not demonstrated to the Court that there is a real possibility that punitive damages will be at issue. Defendant argues that mere allegations of conduct on the part of a defendant that may warrant an award of punitive damages will not enable a plaintiff to obtain financial information of a defendant through pre-trial discovery. Defendant relies on *Cavalier Clothes, Inc. v. Major Coat Co.,* No. 89–3325, 1991 WL 125179, at *4, 1991 U.S.Dist. LEXIS 8861, at *13 (E.D.Pa. June 26, 1991) and *Chenoweth v. Schaaf,* 98 F.R.D. 587, 589 (W.D.Pa.1983) for this standard. However, this Court does not find *Cavalier* and *Chenoweth* controlling in the instant action.

■ The law is well settled that information regarding damages is as discoverable as information which pertains to liability. *Security Ins. Co. v. Meyer Trading Co.,* No. 86–4522, 1987 WL 8207, at *1, 1987 U.S.Dist. LEXIS 14066, at *2 (E.D.Pa. March 20, 1987) (citations omitted). In addition, under Pennsylvania law, a jury may consider a defendant's net worth in weighing an award for punitive damages. *E.J. Lavino & Co. v.*

*Universal Health Servs.,* No. 89–2717, 1991 WL 275767, at *1, 1991 U.S.Dist. LEXIS 18505, at *2 (E.D.Pa. December 19, 1991), *citing Kirkbride v. Lisbon Contractors, Inc.* 521 Pa. 97, 555 A.2d 800 (1989). The court in *Cavalier,* cited by defendant, concluded that a prima facie case of defendants' liability for punitive damages was required before discovery of financial documents would be permitted. 1991 WL 125179, at *4 1991 U.S.Dist. LEXIS 8861, at *13. It based this conclusion on the case of *Vivino v. Everlast Sporting Goods Mfg. Co.,* No. 87–1161, 1987 WL 17571, 1987 U.S.Dist. LEXIS 8730 (E.D.Pa. September 28, 1987). However, the *Vivino* case did not specifically require that a prima facie showing of punitive damages be shown by plaintiff. The court only pointed out that the plaintiffs sought punitive damages and had made allegations in support of their contention that defendant's conduct was sufficiently outrageous to warrant such damages. It further stated that "the legal sufficiency of those allegations [was] not [ ] before the court," but noted them "in passing" as evidence that the request for punitive damages was genuine and not based merely on pretext. *Id.* at **1–2.

■ Contrary to the *Cavalier* decision and defendant's position, when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify the discovery. *Clark v. Pennsylvania,* No. 93–1365, 1994 WL 396478, at *2–3, 1994 U.S.Dist. LEXIS 10180, at *6–7 (E.D.Pa. July 21, 1994) (emphasis added), *citing E.J. Lavino,* 1991 WL 275767, at *1, 1991 U.S.Dist. LEXIS 18505, at *2–3 and *Security Ins. Co.,* 1987 WL 17571, at *1, 1987 U.S.Dist. LEXIS 14066, at *2 (no prima facie showing in punitive damages is required to justify discovery).

In addition, defendant's reliance on the earlier case of *Chenoweth* is misleading.[3] No

---

3. In *Chenoweth,* the court held that "merely claiming the defendant's conduct was outrageous in terms that are conclusive will not suffice" for discovery of financial information for a punitive damages claim. 98 F.R.D. at 589. The court noted that the plaintiff's claim for punitive dam-

ages arose solely from its allegations that the defendants has been negligent and that their actions were careless, reckless, wanton and grossly negligent. From these conclusive statements, the court concluded that it was unable to say that there was "a real possibility that puni-

court within the Third Circuit has subsequently followed *Chenoweth.* In addition, courts out of the First and Tenth Circuits have criticized the holding in *Chenoweth. See CEH, Inc. v. FV "Seafarer",* 153 F.R.D. 491 (D.R.I.1994); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.,* 130 F.R.D. 149, 152 (D.Kan.1990). In *Mid Continent Cabinetry,* the District Court of Kansas disagreed with the holding in *Chenoweth,* and held that a plaintiff need not establish a prima facie case on the issue of punitive damages before pretrial discovery of defendant's financial information. 130 F.R.D. at 152. The Court held that the prima facie requirement applies to the admissibility of evidence regarding financial status not its discoverability. *Id.* The Court reasoned that since relevancy governs the standard of discoverability and the very purpose of discovery is to locate evidence, it would be difficult and illogical to require plaintiff to show entitlement to punitive damages before the completion of discovery. *Id.*

■ This Court follows the above reasoning and the Eastern District of Pennsylvania cases of *Clark, Lavino,* and *Security Ins.* in holding that the information sought by plaintiffs is discoverable. However, the Court does not deem that such data should be made a matter of public record. *See Security Ins. Co.,* 1987 WL 17571, at \*2, 1987 U.S.Dist. LEXIS 14066, at \*4. Therefore, plaintiffs' motion to compel Interrogatory Nos. 16, 17, and 18; and Documents Requests Nos. 23, 24, 25 and 27 is granted, but when such data is filed, it should be filed as an impounded document.

III. *The Burdensome and Oppressiveness of Plaintiffs' Discovery Requests of all Labels, Warnings and Instructions*

The remaining discovery requests seek all labels, mailings, warnings and instructions, including drafts thereof, which were supplied with or on defendant's propane cylinders and lanterns sold in the United States and Canada from 1970 through November 1992. *See*

tive damages will be at issue." *Id.* at 589–90. Therefore, the court denied plaintiff's motion to

Document Requests Nos. 15, 16, 17 and 18. In addition, plaintiffs specifically request all documents referring to the design of the packaging, labels, markings, instructions, and warnings, including drafts thereof, supplied with or on the propane cylinders and lantern involved in the present incident. *See* Document Request Nos. 10 and 11. Defendant claims that the present requests are unduly burdensome and oppressive, and will entail a review of between fifteen and twenty thousand documents and blueprints. Defendant also provides an affidavit to the Court indicating that in the ordinary course of business, all documents and blueprints produced are commingled and are not filed in numerical order by model number. *See* Defendant's Memorandum at 11, Exhibit "G".

■ The lack of an adequate filing system has not excused a party from producing requested documents. 4A Moore's Federal Practice § 34.19[2] *citing Baxter Travenol Laboratories, Inc. v. LeMay,* 93 F.R.D. 379 (S.D.Ohio 1981) (court held party's unwieldy record-keeping system was not an adequate excuse to frustrate discovery and discovery was not burdensome where party alleged that needed to review "thousands of documents" at a cost of "hundreds of man-hours"). However, when the volume of material sought would make copying and transporting burdensome and oppressive to the producing party, or where the distance between the parties is great, the court may decline to order production and may instead order that the requesting party inspect the documents at the convenience of the party in possession of the documents. *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.,* 651 F.2d 877, 883 (3d Cir.1981), *aff'd sub. nom., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492, *cert. denied* 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1312 (1982).

As indicated by defendant, the court in *Bowman* faced similar circumstances in which the defendant was required to produce blueprints, drawings, diagrams, overlays and

compel defendants' financial records. *Id.*

supporting data, correspondence and various manuals, reports, tests and photographs of the 1966 Toronado fuel storage system and nearby parts from 1967 to 1970. The court allowed the discovery but stated that "a large part of the burden will have to be borne by the plaintiff [the requesting party]," requiring the plaintiff to sift through voluminous documents and other material. The court stated that the defendant's burden should be limited to answering the questions and identifying the documents required and providing plaintiffs with reasonable access to such documents. 64 F.R.D. at 68–69 n. 6.

■ In the present case, plaintiffs are entitled to the documents. Therefore, since I will allow plaintiffs to redepose Mr. Randy May in Kansas, and the burden of producing and copying the documents requested are unduly burdensome and oppressive to the defendant, the defendant may answer by specifying the relevant records and allowing an opportunity to examine them. *Compagnie des Bauxites,* 651 F.2d at 883. Defendant will not be put to the expense of making copies for the plaintiffs. *Pappas v. Loew's Inc.,* 13 F.R.D. 471 (M.D.Pa.1953).

### IV. *Plaintiffs'·Request for Sanctions*

■ Finally, plaintiffs have requested sanctions pursuant to Fed.R.Civ.P. 37(c)(1) for reasonable expenses, including attorneys' fees in preparing the Motion. In addition, plaintiffs request that the sanctions should include the deposition of Mr. May at defendant's cost. Fed.R.Civ.P. 37(a)(4) authorizes a court to grant reasonable expenses to the moving party if a discovery-related motion is granted or to the non-movant if the motion is denied. In fact, this provision requires that expenses be awarded to the prevailing party unless the conduct of the losing party is found to have been "substantially justified." Rule 37(a)(4), *Notes to Advisory Committee Rules,* 1970 Amendment. In this case, the Court's decision was mixed and neither party was an overall "winner" or "loser". Moreover, it does not appear to this Court that defendant was *not* substantially justified in its objections. Therefore, the Court will not at this time grant sanctions against defendant. *See Willemijn Houdstermaatschaapij*

*BV v. Apollo Computer,* 707 F.Supp. 1429, 1450 (D.Del.1989). Nor will defendant have to make payment for the second deposition of Mr. May.

In light of the foregoing, the joint motion to compel and for sanctions will be granted in part and denied in part.

An appropriate order follows.

### AMENDED ORDER

AND NOW, this 19th day of September, 1994, this Court's order filed September 9, 1994, is amended as follows:

IT IS HEREBY ORDERED that the Plaintiffs' Joint Motion to Strike Insufficient Answers and Objections, to Compel Complete Answers and Production of Documents, and for Sanctions Against Defendant, is GRANTED IN PART and DENIED IN PART and that Defendant is ORDERED to produce to Plaintiffs within ten (10) days:

1. Full and Complete answers to Plaintiffs' Interrogatories Nos. 7(d), 7(f), 8(f), 12(d), 13(d), 20, 23–25, 27, 29, 31, 50, 51, 54 and 56; and all documents responsive to Plaintiffs' Requests Nos. 7, 28, 30, 31, 33, 34, 37, 38, 41, 42, 45, 46, 50, 51, 52, 53 and 58, if Defendant has not already complied with these requests.

2. Consistent with the opinion filed September 9, 1994, Defendant is ORDERED to produce to Plaintiffs within ten (10) days, Full and Complete answers to Plaintiffs' Interrogatories Nos. 28, 30(b)–(e), 32(b)–(e), 34, 35, 39, 40, 42 and 43; and all documents responsive to Plaintiffs' Requests Nos. 19, 20, 21, 22, 30, 40, 43, 44, 47, 48 and 51 (to the extent that Nos. 30 and 51 involve information after November 30, 1992), limited to same or similar models; Full and Complete answers to Plaintiffs' Interrogatories Nos. 16, 17 and 18; and all documents responsive to Plaintiffs' Requests Nos. 23, 24, 25 and 27, but when such data is filed, it should be filed as an impounded document; All documents responsive to Plaintiffs' Requests Nos. 10, 11, 15, 16, 17 and 18.

3. Plaintiffs will be granted leave to redepose Mr. Randy May, defendant's corporate designee, in Wichita, Kansas or Kansas City,

Missouri, within ten (10) days after receipt by plaintiffs of defendant's answers to discovery and after plaintiffs have had the opportunity to review documents in defendant's possession.

4. Plaintiffs motion for sanctions is Denied.